1   PILLSBURY WINTHROP SHAW PITTMAN LLP
    BRUCE A. ERICSON  (SBN 76342)
2   bruce.ericson@pillsburylaw.com
    ANDREW D. LANPHERE (SBN 191479)
3   andrew.lanphere@pillsburylaw.com
    50 Fremont Street
4   Post Office Box 7880
    San Francisco, California 94120-7880
5   Telephone:     (415) 983-1000
    Facsimile:     (415) 983-1200
6
    William G. McGuinness (pro hac vice)
7   william.mcguinness@friedfrank.com
    Stephanie J. Goldstein (pro hac vice)
8   stephanie.goldstein@friedfrank.com
    SHAHZEB LARI
9   shahzeb.lari@friedfrank.com
    FRIED, FRANK, HARRIS, SHRIVER
10    & JACOBSON LLP
    One New York Plaza
11  New York, New York 10004
    Telephone:     (212) 859-8000
12  Facsimile:     (212) 859-4000

13  Attorneys for Defendants Goldman, Sachs & Co., Morgan
    Stanley & Co. Incorporated, JP Morgan Securities, Inc. *as*
14  *successor-in-interest to* Bear, Stearns & Co., Inc. and Bear,
    Stearns & Co., Inc., Deutsche Bank Securities, Inc., UBS
15  Securities, LLC, Credit Suisse Securities (USA) LLC, RBS
    Securities, Inc., Barclays Capital, Inc., Banc of America
16  Securities, LLC, HSBC Securities (USA), Inc., Citigroup
    Global Markets, Inc., Countrywide Securities Corporation
17  and Merrill Lynch, Pierce, Fenner & Smith, Inc.

18              UNITED STATES DISTRICT COURT

19             NORTHERN DISTRICT OF CALIFORNIA

20                SAN FRANCISCO DIVISION

21
    IN RE WELLS FARGO MORTGAGE-              No.  C-09-1376 (SI)
22  BACKED CERTIFICATES LITIGATION
                                             **CONSOLIDATED CLASS ACTION**
23

24                                           PROOF OF SERVICE BY MAIL

25

26

27

28

1        I, Deirdre V. Campino, the undersigned, hereby declare as follows:

2        1.      I am over the age of 18 years and am not a party to the within cause.  I am

3   employed by Pillsbury Winthrop Shaw Pittman LLP in the County of San Francisco, State

4   of California.

5        2.      My business address is 50 Fremont Street, San Francisco, CA 94105-2228.

6   My mailing address is 50 Fremont Street, P. O. Box 7880, San Francisco, CA  94120-7880.

7        3.      On October 30, 2009, I served a true copy of the attached document(s) titled

8   exactly **NOTICE OF MOTION AND MOTION TO DISMISS THE**

9   **CONSOLIDATED CLASS ACTION COMPLAINT; MEMORANDUM IN**

10  **SUPPORT OF MOTION** by placing it/them in an addressed sealed envelope and

11  depositing it in the United States mail, first class postage fully prepaid, to the following

12  persons, said persons not having registered as ECF users:

13  Andrew J. Ehrlich                        Thomas O. Jacobs
    Martin Flumenbaum                        Office of the General Counsel
14  Tobias J. Stern                          Wells Fargo & Co.
    Paul Weiss Rifkind Wharton & Garrison    633 Folsom Street, 7th Floor
15  1285 Avenue of the Americas              San Francisco, CA  94107
    New York, NY  10019-6064
16

17

18       I declare under penalty of perjury that the foregoing is true and correct.  Executed

19  this 30th day of October, 2009, at San Francisco, California.

20

21                                          Deirdre V. Campino

22                                          Deirdre V. Campino

23

24

25

26

27

28

1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   BRUCE A. ERICSON  (SBN 76342)
2  bruce.ericson@pillsburylaw.com
   ANDREW D. LANPHERE (SBN 191479)
3  andrew.lanphere@pillsburylaw.com
   50 Fremont Street
4  Post Office Box 7880
   San Francisco, California 94120-7880
5  Telephone:     (415) 983-1000
   Facsimile:     (415) 983-1200
6
   William G. McGuinness (pro hac vice)
7  william.mcguinness@friedfrank.com
   Stephanie J. Goldstein (pro hac vice)
8  stephanie.goldstein@friedfrank.com
   Shahzeb Lari (pro hac vice)
9  shahzeb.lari@friedfrank.com
   FRIED, FRANK, HARRIS, SHRIVER
10    & JACOBSON LLP
   One New York Plaza
11 New York, New York 10004
   Telephone:     (212) 859-8000
12 Facsimile:     (212) 859-4000

13 Attorneys for Defendants Goldman, Sachs & Co.,
   Morgan Stanley & Co. Incorporated, JP Morgan
14 Securities, Inc. *as successor-in-interest to* Bear, Stearns
   & Co., Inc., Bear, Stearns & Co., Inc., Deutsche Bank
15 Securities, Inc., UBS Securities, LLC, Credit Suisse
   Securities (USA) LLC, RBS Securities, Inc., Barclays
16 Capital, Inc., Banc of America Securities, LLC, HSBC
   Securities (USA), Inc., Citigroup Global Markets, Inc.,
17 Countrywide Securities Corporation and Merrill Lynch,
   Pierce, Fenner & Smith, Inc.

18

19                    UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF CALIFORNIA
20                    SAN FRANCISCO DIVISION

21

| | |
|---|---|
| IN RE WELLS FARGO MORTGAGE-BACKED CERTIFICATES LITIGATION | Case No.  C-09-1376 (SI)<br><br>**CONSOLIDATED CLASS ACTION**<br>**ECF**<br><br>**NOTICE OF MOTION AND MOTION**<br>**TO DISMISS THE CONSOLIDATED**<br>**CLASS ACTION COMPLAINT;**<br>**MEMORANDUM IN SUPPORT OF**<br>**MOTION**<br><br>Date:          January 29, 2010<br>Time:         9 a.m.<br>Courtroom:  10, 19th Floor<br>Judge:        Hon. Susan Illston |

1

2

## TABLE OF CONTENTS

3   TABLE OF AUTHORITIES ........................................................................................................ ii

4   NOTICE OF MOTION AND MOTION ..................................................................................... 1

5   STATEMENT OF ISSUES TO BE DECIDED ......................................................................... 2

6   MEMORANDUM OF POINTS AND AUTHORITIES ............................................................. 2

7   INTRODUCTION ...................................................................................................................... 2

8   ARGUMENT .............................................................................................................................. 3

9   I.      PLAINTIFFS LACK STANDING ................................................................................. 3

10          A.      Plaintiffs Lack Standing With Respect To Thirty-Seven Of The
                    Fifty-Four Challenged Offerings .................................................................... 4

11
            B.      Plaintiffs Lack Standing To Pursue Section 12(a)(2) Claims ....................... 7

12   CONCLUSION ........................................................................................................................... 9

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO DISMISS
Case No. C-09-1376 (SI)

1

## TABLE OF AUTHORITIES

CASES                                                                                                    PAGE(S)

*DeMaria v. Andersen,*
  153 F. Supp. 2d 300 (S.D.N.Y. 2001), *aff'd*, 318 F.3d 170 (2d Cir. 2003) ........................8

*Finkel v. Stratton Corp.,*
  962 F.2d 169 (2d Cir. 1992) ..............................................................................................6

*Guenther v. Cooper Life Sciences, Inc.,*
  759 F. Supp. 1437 (N.D. Cal. 1990) ..............................................................................4-5

*Hertzberg v. Dignity Partners, Inc.,*
  191 F.3d 1076 (9th Cir. 1999) ...........................................................................................7

*In re AOL Time Warner, Inc. Sec. & ERISA Litig.,*
  381 F. Supp. 2d 192 (S.D.N.Y. 2004) ..........................................................................7 n.4

*In re Connetics Corp. Sec. Litig.,*
  No. C 07-02940, 2008 U.S. Dist. LEXIS 62515 (N.D. Cal. Aug. 14, 2008) .....................3

*In re Countrywide Fin. Corp. Sec. Litig.,*
  588 F. Supp. 2d 1132 (C.D. Cal. 2008) ......................................................................6 n.3

*In re Delmarva Sec. Litig.,*
  794 F. Supp. 1293 (D. Del. 1992) ....................................................................................4

*In re Ditropan XL Antitrust Litig.,*
  529 F. Supp. 2d 1098 (N.D. Cal. 2007) ...........................................................................4

*In re First Union Corp. Sec. Litig.,*
  128 F. Supp. 2d 871 (W.D.N.C. 2001) .......................................................................7 n.4

*In re Friedman's Inc. Sec. Litig.,*
  385 F. Supp. 2d 1345 (N.D. Ga. 2005) ............................................................................6

*In re Infonet Servs. Corp. Sec. Litig.,*
  310 F. Supp. 2d 1080 (C.D. Cal. 2003) ...........................................................................7

*In re Levi Strauss & Co. Sec. Litig.,*
  527 F. Supp. 2d 965 (N.D. Cal. 2007) .............................................................................5

*In re Metro. Sec. Litig.,*
  532 F. Supp. 2d 1260 (E.D. Wash. 2007) ........................................................................5

*In re Musicmaker.com Sec. Litig.,*
  Case No. CV 00-2018, 2001 U.S. Dist. LEXIS 25118
  (C.D. Cal. June 4, 2001) ..................................................................................................8

*In re Prestige Brands Holding, Inc.,*
  No. 05 CV. 06924, 2006 U.S. Dist. LEXIS 46667
  (S.D.N.Y. July 10, 2006) ..................................................................................................8

- ii -

| CASES | PAGE(S) |
|---|---|

*In re Salomon Smith Barney Mut. Fund Fees Litig.,*
        441 F. Supp. 2d 579 (S.D.N.Y. 2006).................................................................5

*In re SeeBeyond Techs. Corp. Sec. Litig.,*
        266 F. Supp. 2d 1150 (C.D. Cal. 2003) ..........................................................7-8

*In re Verifone Sec. Litig.,*
        784 F. Supp. 1471 (N.D. Cal. 1992), *aff'd,* 11 F.3d 865 (9th Cir. 1993) .............3

*In re Wash. Mut., Inc. Sec. Litig.,*
        No. 2:08-md-1919, slip op. (W.D. Wash. Oct. 27, 2009)..................................6, 8

*In re Wash. Mut. Inc. Sec., Derivative & ERISA Litig.,*
        Case No. 2:08-md-1919, 2009 U.S. Dist. LEXIS 41575
        (W.D. Wash. May 15, 2009)..............................................................................6

*La. Mun. Police Employees Ret. Sys. v. Merrill Lynch & Co.,*
        No. 08-9063 (S.D.N.Y. Feb. 17 & 19, 2009)......................................................6

*Lewis v. Casey,*
        518 U.S. 343 (1996)..........................................................................................4

*Nenni v. Dean Witter Reynolds, Inc.,*
        No. CIV A 98-12454-REK, 1999 WL 34801540 (D. Mass. Sept. 29, 1999)........5

*Ong v. Sears, Roebuck & Co.,*
        388 F. Supp. 2d 871 (N.D. Ill. 2004) ................................................................5

*Plumbers Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp.,*
        No. 08-10446-RGS, 2009 WL 3149775 (D. Mass. Sept. 30, 2009).............*passim*

*Table Bluff Reservation v. Philip Morris, Inc.,*
        256 F.3d 879 (9th Cir. 2001) ...........................................................................4

STATUTES, RULES AND REGULATIONS

Fed. R. Civ. Proc. 8(a) ...............................................................................................1

Fed. R. Civ. Proc. 12(b)(1) .........................................................................................1

Fed. R. Civ. Proc. 12(b)(6) .........................................................................................1

Section 11 of the Securities Act of 1933, 15 U.S.C. § 77k................................*passim*

Section 12 of the Securities Act of 1933, 15 U.S.C. § 77l.................................*passim*

17 C.F.R. § 229.512(a)(1).......................................................................................5, 6

17 C.F.R. § 229.512(a)(2)............................................................................................6

MOTION TO DISMISS
Case No. C-09-1376 (SI)

1   STATUTES, RULES AND REGULATIONS                                     PAGE(S)

2   17 C.F.R. § 230.415 ...........................................................................................5

3   17 C.F.R. § 230.430B ..........................................................................................5

4   Asset-Backed Securities,
        Securities Act Release No. 8518, Exchange Act Release No. 50,905, 70
5       Fed. Reg. 1506, 1508 (Jan. 7, 2005) ..........................................................7 n.4

6   Delayed or Continuous Offering and Sale of Securities,
        Securities Act Release No. 33-6423, 47 Fed. Reg. 39,799 (Sept. 2, 1982) ...................5
7
    Securities Offering Reform,
8       Securities Act Release No. 33-8591, 70 Fed. Reg. 44,722 (July 19, 2005)...................5

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO DISMISS
Case No. C-09-1376 (SI)

# NOTICE OF MOTION AND MOTION

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Friday, January 29, 2010, at 9:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 10 of this Court, located at 450 Golden Gate Avenue, 19th Floor, San Francisco, California 94102, before the Honorable Susan Illston, United States District Judge, defendants Goldman, Sachs & Co. ("Goldman Sachs"), Morgan Stanley & Co. Incorporated ("Morgan Stanley"), JP Morgan Securities, Inc. *as successor-in-interest to* Bear, Stearns & Co., Inc. and Bear, Stearns & Co., Inc. (together, "Bear Stearns"), Deutsche Bank Securities, Inc. ("Deutsche Bank"), UBS Securities, LLC ("UBS"), Credit Suisse Securities (USA) LLC ("Credit Suisse"), RBS Securities, Inc. ("RBS"), Barclays Capital, Inc. ("Barclays"), Banc of America Securities, LLC ("BofA"), HSBC Securities (USA), Inc. ("HSBC"), Citigroup Global Markets, Inc. ("Citigroup"), Countrywide Securities Corporation ("Countrywide") and Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch") (collectively, the "Underwriter Defendants") will and hereby do move this Court to dismiss, with prejudice, all purported claims asserted against the Underwriter Defendants in Plaintiffs' Consolidated Class Action Complaint filed August 31, 2009 (Dkt. 133) (the "Complaint").

This motion is made pursuant to Rules 8(a), 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that (i) the Complaint fails to state a claim against the Underwriter Defendants, and (ii) Plaintiffs lack standing under Section 11 of the Securities Act of 1933 (the "'33 Act") to sue the Underwriter Defendants with respect to thirty-seven of the fifty-four offerings challenged by the Complaint, and lack standing under Section 12(a)(2) of the '33 Act with respect to all fifty-four challenged offerings.

This motion is based on this notice of motion and motion, the memorandum that follows, the motion, memorandum and request for judicial notice filed herewith by the Wells Fargo Defendants and the Individual Defendants, the motion and memorandum filed herewith by the Rating Agency Defendants, and all pleadings and records on file in this consolidated action.

- 1 -

### STATEMENT OF ISSUES TO BE DECIDED

1.      Whether Plaintiffs have failed to state a claim against the Underwriter Defendants for violation of Sections 11 and 12(a)(2) of the '33 Act?

2.      Whether Plaintiffs have standing to sue the Underwriter Defendants under Section 11 of the '33 Act with respect to thirty-seven of the fifty-four challenged offerings in which Plaintiffs do not allege that they purchased any securities whatsoever?

3.      Whether Plaintiffs have standing to sue Goldman Sachs, Bear Stearns, Deutsche Bank, Credit Suisse, Citigroup and UBS under Section 12(a)(2) of the '33 Act where they have not alleged that they bought securities in a public offering (as opposed to the secondary market) directly from, or at the solicitation of, Goldman Sachs, Bear Stearns, Deutsche Bank, Credit Suisse, Citigroup or UBS?

### MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiffs' claims relate to mortgage-backed pass-through certificates (the "Certificates") issued by certain of the issuer-related defendants (collectively, the "Wells Fargo Defendants") in fifty-four separate offerings (collectively, the "Offerings") between February 24, 2006 and August 28, 2007. ¶ 45.[1] Plaintiffs charge that the offering materials failed to predict the risks that eventually materialized with the unprecedented and unforeseen implosion of the global housing markets, and thus violated Sections 11 and 12(a)(2) of the '33 Act.

In addition to failing to plead any actionable misrepresentation or omission as addressed at length by the Wells Fargo Defendants, the great majority of Plaintiffs' claims fail for an additional and fundamental reason — Plaintiffs lack standing to pursue those claims. Even though Plaintiffs purchased securities in only seventeen of the Offerings and each of the Offerings was underwritten by a different Underwriter Defendant, Plaintiffs nonetheless purport

---

[1]   "¶ __" refers to the Complaint; "Wells Fargo Mem." refers to the Wells Fargo Defendants' and Individual Defendants' Memorandum of Points and Authorities in Support of Motion to Dismiss the Consolidated Complaint, filed concurrently; "RJN" refers to the Request for Judicial Notice In Support of the Wells Fargo Defendants' and Individual Defendants' Motion to Dismiss the Consolidated Complaint, filed concurrently.

- 2 -

to assert claims against the Underwriter Defendants relating to all fifty-four of the Offerings. Under well-established precedent, however, Plaintiffs cannot pursue Section 11 and 12 claims as to those Offerings in which they did not purchase Certificates as they sustained no injury for purposes of presenting a justiciable case or controversy, and are not within the narrow class of individuals entitled to pursue these claims. To hold otherwise would be to allow Plaintiffs to assert claims relating to Offerings in which they did not participate, involving distinct collateral assets and separate issuers, and against Underwriter Defendants who had nothing to do with the Offerings in which Plaintiffs actually bought Certificates (*i.e.*, Underwriter Defendants against whom Plaintiffs have no cause of action). There is simply no basis for such a result. Therefore, all of Plaintiffs' claims relating to Offerings in which they did not purchase Certificates must be dismissed with prejudice.

Additionally, Plaintiffs do not allege the prerequisites of a Section 12(a)(2) claim — that they purchased the Certificates in a public offering (rather than the secondary market) directly from, or at the solicitation of, any of the Underwriter Defendants. This deficiency independently requires dismissal of all of Plaintiffs' Section 12 claims.

## ARGUMENT

As addressed in the Wells Fargo Defendants' dismissal brief, Plaintiffs' allegations are classic fraud-by-hindsight, ignore the robust risk disclosures regarding these securitizations of prime mortgages, and are untimely. To avoid burdening the Court with duplicative submissions, the Underwriter Defendants adopt, and incorporate by reference, the arguments for dismissal made by the Wells Fargo Defendants, and limit this brief to the question of standing.[2]

## I.   PLAINTIFFS LACK STANDING

It is axiomatic that, "[w]here a plaintiff lacks standing to bring a claim personally, that plaintiff cannot represent the class." *In re Verifone Sec. Litig.*, 784 F. Supp. 1471, 1489-90 (N.D. Cal. 1992) (citations omitted), *aff'd*, 11 F.3d 865 (9th Cir. 1993); *see also In re Connetics*

---

[2]   The Underwriter Defendants also incorporate by reference the grounds for dismissal set forth in Section II of the Rating Agency Defendants' Memorandum of Points and Authorities in Support of Motion to Dismiss the Consolidated Complaint, filed concurrently.

- 3 -

*Corp. Sec. Litig.*, No. C 07-02940, 2008 U.S. Dist. LEXIS 62515, at *43 (N.D. Cal. Aug. 14, 2008) (same); *Plumbers Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp.*, No. 08-10446-RGS, 2009 WL 3149775, at *2 (D. Mass. Sept. 30, 2009) ("Standing is a threshold inquiry and is particularly important in securities litigation, where strict application of standing principles is needed to avoid vexatious litigation and abusive discovery.") (citation omitted).

That is, Plaintiffs cannot use the device of a class action to manufacture standing. As the Supreme Court has explained:

> District courts should be mindful that 'named plaintiffs [in a class action] must allege . . . that they personally have been injured, not that injury has been suffered by other, unidentified members of a class to which they belong and which they purport to represent.'

*Lewis v. Casey*, 518 U.S. 343, 357 (1996) (citations omitted). The Ninth Circuit has applied these principles in dismissing claims asserted on behalf of a purported class where the named plaintiffs do not individually have standing. *E.g., Table Bluff Reservation v. Philip Morris, Inc.*, 256 F.3d 879, 884 (9th Cir. 2001) ("Petitioners must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent. Unless these petitioners can thus demonstrate the requisite case or controversy between themselves personally and respondents, none may seek relief on behalf of himself or any other member of the class.") (citation omitted); *In re Ditropan XL Antitrust Litig.*, 529 F. Supp. 2d 1098, 1107 (N.D. Cal. 2007) (same). Thus, "the proper procedure when the class plaintiff lacks individual standing is to dismiss the complaint." *In re Delmarva Sec. Litig.*, 794 F. Supp. 1293, 1309 (D. Del. 1992) (citation omitted).

### A.   Plaintiffs Lack Standing With Respect To Thirty-Seven Of The Fifty Four-Challenged Offerings

To have standing to pursue Section 11 claims on behalf of a class, at least one named plaintiff must have purchased securities "actually issued in the offering for which the plaintiff claims there was a false or otherwise misleading [] statement." *See Guenther v. Cooper Life*

- 4 -

*Sciences, Inc.*, 759 F. Supp. 1437, 1439 (N.D. Cal. 1990). Similarly, to pursue Section 12(a)(2) claims, a named plaintiff must have directly purchased securities in the challenged offering. *E.g., In re Levi Strauss & Co. Sec. Litig.*, 527 F. Supp. 2d 965, 983 (N.D. Cal. 2007).

Plaintiffs acknowledge that they only purchased Certificates issued in seventeen of the fifty-four challenged Offerings. ¶ 128. Therefore, Plaintiffs lack standing as to the thirty-seven other Offerings, and all claims relating to those Offerings must be dismissed. *See In re Salomon Smith Barney Mut. Fund Fees Litig.*, 441 F. Supp. 2d 579, 607-08 (S.D.N.Y. 2006) (dismissing securities claims for lack of standing as to funds in which plaintiffs did not purchase shares); *Ong v. Sears, Roebuck & Co.*, 388 F. Supp. 2d 871, 891-92 (N.D. Ill. 2004) (same); *Nenni v. Dean Witter Reynolds, Inc.*, No. CIV A 98-12454-REK, 1999 WL 34801540, at *2 (D. Mass. Sept. 29, 1999) (same).

The fact that the Certificates collectively derive from three common shelf registration statements (collectively, the "Shelf Registration Statements"), is of no import to the standing analysis. The shelf registration process merely serves as a baseline to facilitate qualified issuers to offer securities periodically, pursuant to separate, later prospectus supplements for each offering. *See* 17 C.F.R. § 230.415; *Delayed or Continuous Offering and Sale of Securities*, Securities Act Release No. 33-6423, 47 Fed. Reg. 39,799 (Sept. 2, 1982). By definition, a shelf registration statement cannot contain complete information regarding the terms of the securities that might be offered in the future. *See* 17 C.F.R. § 230.430B; *Securities Offering Reform*, Securities Act Release No. 33-8591, 70 Fed. Reg. 44,722 at 194-99 (July 19, 2005).

As such, each of the Offerings was governed by a separate prospectus supplement (together, the "Prospectus Supplements"), which updated and amended the relevant Shelf Registration Statement, as required by SEC regulations. *See In re Metro. Sec. Litig.*, 532 F. Supp. 2d 1260, 1285 (E.D. Wa. 2007); 17 C.F.R. § 229.512(a)(1). Here, each Offering related to a distinct pool of underlying mortgage assets that backed the Certificates. Thus, the fifty-four Prospectus Supplements filed between February 2006 and August 2007 contained disclosures specific to the Offering at issue — detailed and different historical information, different risk

- 5 -

factor disclosures, different financial statements, and different discussions about market, credit and operational risks. *See* Wells Fargo Mem. Secs. II.A-B; RJN Exs. 2-5.  As a result of those variances, pursuant to SEC regulations, the offering materials for each of the fifty-nine Offerings constituted "a new [and separate] registration statement relating to the securities offered therein." 17 C.F.R. § 229.512(a)(2); *see also* 17 C.F.R. § 229.512(a)(1); *Finkel v. Stratton Corp.*, 962 F.2d 169, 174 (2d Cir. 1992).

Therefore, as a Massachusetts federal court recently recognized in a nearly identical lawsuit challenging the sufficiency of disclosures in connection with numerous separate securitizations deriving from a common base registration statement, "*the overwhelming weight of authority*" holds that a plaintiff cannot pursue Section 11 and 12 claims with respect to offerings in which it did not purchase securities. *See Nomura*, 2009 WL 3149775, at *4 (emphasis added).

*Nomura* is in accord with a spate of recent decisions. *See In re Wash. Mut., Inc. Sec. Litig.*, No. 2:08-md-1919, slip op. at 29-30 (W.D. Wash. Oct. 27, 2009) (plaintiff had no standing to pursue Section 11 and 12 claims for securities it did not purchase); *In re Wash. Mut. Inc. Sec., Derivative & ERISA Litig.*, Case No. 2:08-md-1919, 2009 U.S. Dist. LEXIS 41575, at **42-43 (W.D. Wash. May 15, 2009) (same); *La. Mun. Police Employees Ret. Sys. v. Merrill Lynch & Co.*, No. 08-9063, Tr. at 9-29 (S.D.N.Y. Feb. 17, 2009); Tr. at 7-9, 62 (S.D.N.Y. Feb. 19, 2009); *In re Friedman's Inc. Sec. Litig.*, 385 F. Supp. 2d 1345, 1370-72 (N.D. Ga. 2005) (Section 11's "standing provisions limit putative plaintiffs to the narrow class of persons consisting of those who purchase securities that are the direct subject of the prospectus *and* registration statement") (emphasis added).[3]

_____

[3]   Plaintiffs in some of these cases have attempted to rely on the decision in *In re Countrywide Fin. Corp. Sec. Litig.*, 588 F. Supp. 2d 1132 (C.D. Cal. 2008). The *Countrywide* decision is contrary to the weight of precedent (*see supra*), is not binding and is factually inapposite. Indeed, as the *Countrywide* court made clear, "none of the actions before [it we]re based on MBS purchases." *Id.* at 1144.  By contrast, this action is *only* based on MBS purchases. Regardless, the *Countrywide* court also recognized "the narrow application of its analysis" to the facts of that case, which involved offerings by a single issuer (Countrywide itself, not individual securitization vehicles) underwritten by common underwriters, and common misstatements in the relevant registration statements and prospectuses. *Id.* at 1167.  Those facts have no bearing here, where each of the Offerings involved dozens of separate issuers, different underwriters,

- 6 -

1    Plaintiffs' lack of standing with respect to the thirty-seven Offerings in which they did

2  not purchase Certificates requires dismissal of (i) all of the claims against Barclays, BofA,

3  Countrywide, HSBC, Merrill Lynch and Morgan Stanley, which did not underwrite any of the

4  Offerings from which Plaintiffs purchased Certificates, and (ii) the majority of the claims against

5  the remaining Underwriter Defendants. *See* Tab 1 (chart identifying Offerings in which

6  Plaintiffs did not purchase Certificates). "To hold otherwise would shunt aside the inevitable

7  risk that any plaintiff could sue a defendant against whom a plaintiff has no claim in a putative

8  class action." *Nomura*, 2009 WL 3149775, at **3-5.[4]

9       B.    **Plaintiffs Lack Standing To Pursue Section 12(a)(2) Claims**

10       To maintain a Section 12(a)(2) claim, a plaintiff must factually allege that it purchased

11  securities in a public offering (as opposed to the secondary market) directly from, or at the

12  solicitation of, the defendant. *See Hertzberg v. Dignity Partners, Inc.*, 191 F.3d 1076, 1081 (9th

13  Cir. 1999) ("Section 12, by contrast [to Section 11], permits suit against a seller of a security by

14  prospectus only by 'the person purchasing such security from him,' thus specifying that a

15  plaintiff must have purchased the security directly from the issuer of the prospectus."); *In re*

16  *Infonet Servs. Corp. Sec. Litig.*, 310 F. Supp. 2d 1080, 1102 (C.D. Cal. 2003) (to pursue Section

17  12(a)(2) claims, a named plaintiff "must establish that he or she purchased shares directly in the

18  offering pursuant to the prospectus alleged to be misleading") (citation omitted); *In re*

19  ─────────────────────────────────────────────

20  distinct assets, and a unique Prospectus Supplement for each Offering disclosing the particulars
    of that securitization.

21
    [4]   Plaintiffs also lack standing because they have not alleged any actual loss with respect to the
22  majority of the Certificates. *See In re AOL Time Warner, Inc. Sec. & ERISA Litig.*, 381 F. Supp.
    2d 192, 246 (S.D.N.Y. 2004) (dismissing Section 11 claim for failure to plead cognizable loss).
23  Unlike publicly traded equity or debt instruments, mortgage-backed securities are contractual
    rights to a portion of principal and interest payments from underlying loan pools, whose value is
24  derived from the future cash flows generated by the loan pools. *See Asset-Backed Securities*,
    Securities Act Release No. 8518, Exchange Act Release No. 50,905, 70 Fed. Reg. 1506, 1508,
25  1510-11 (Jan. 7, 2005); *In re First Union Corp. Sec. Litig.*, 128 F. Supp. 2d 871, 894 n.22
26  (W.D.N.C. 2001) ("Valuation of mortgage-backed securities such as those at issue here
    essentially is an exercise in estimating expected future cash flows."). Investors in mortgage-
27  backed securities consequently can suffer "damages" only when they do not receive cash flow
    payments to which they are entitled. The Complaint does not allege that Plaintiffs have failed to
28  receive any such payments.

- 7 -

*SeeBeyond Techs. Corp. Secs. Litig.*, 266 F. Supp. 2d 1150, 1171 (C.D. Cal. 2003) (Section 12 claims need to "be premised on direct purchases").

In recognition of this fundamental requirement, Plaintiffs do not assert Section 12(a)(2) claims against those Underwriter Defendants who had no involvement in the issuance of the Certificates that Plaintiffs purchased. However, Plaintiffs erroneously assert Section 12(a)(2) claims against Goldman Sachs, Bear Stearns, Deutsche Bank, Credit Suisse, Citigroup and UBS, evidently because those Underwriter Defendants underwrote the Offerings in which the Certificates purchased by Plaintiffs were issued. ¶¶ 147-155. But *the Complaint does not allege* — as it must to withstand dismissal — that Plaintiffs either purchased Certificates from those Underwriter Defendants or that Plaintiffs bought any Certificates directly in the Offerings, as opposed to the secondary market. ¶¶ 1, 128, 129, 143; *see, e.g., In re Wash. Mut.*, slip op. at 38; *In re Musicmaker.com Sec. Litig.*, Case No. CV 00-2018, 2001 U.S. Dist. LEXIS 25118, at **50-52 (C.D. Cal. June 4, 2001) (dismissing Section 12(a)(2) claims because the plaintiffs failed to allege that they "purchased shares in the offering under the prospectus"); *DeMaria v. Andersen*, 153 F. Supp. 2d 300, 307 (S.D.N.Y. 2001) (dismissing Section 12(a)(2) claim where the "complaint does [not] even state any named plaintiff purchased in the ILife IPO," but merely alleges purchases "during the Class Period"), *aff'd*, 318 F.3d 170 (2d Cir. 2003).

Instead, Plaintiffs simply state they purchased their Certificates "pursuant or traceable to Wells Fargo Asset Securities Corporation's July 29, 2005 Registration Statement, October 20, 2005 Registration Statement, or September 27, 2006 Registration Statement, and the accompanying prospectus and prospectus supplements." ¶ 129. Vague and conclusory allegations identical to these — that plaintiffs "purchased Certificates pursuant and/or traceable to the Prospectuses" (¶ 153) — have repeatedly been rejected as insufficient to establish standing. *See, e.g., In re Prestige Brands Holding, Inc.*, No. 05 CV. 06924, 2006 U.S. Dist. LEXIS 46667, at *27 (S.D.N.Y. July 10, 2006) ("to the extent that shareholders allege, as here, merely that they bought shares 'traceable to' or 'in connection with' an IPO, they lack standing, and the Complaint is to that extent dismissed"). "If plaintiffs did in fact purchase the Certificates

1   directly from the defendants, they should have said so. An evasive circumlocution does not

2   suffice as a substitute." *Nomura*, 2009 WL 314915, at *4.

3

4           Accordingly, Plaintiffs' Section 12(a)(2) claims against Goldman Sachs, Bear Stearns,

Deutsche Bank, Credit Suisse, Citigroup and UBS should be dismissed.

5

6                                 **CONCLUSION**

7           For the reasons set forth above and in the Wells Fargo and Rating Agency Defendants'

dismissal briefs, the Underwriter Defendants respectfully request that the claims against them be

8   dismissed with prejudice.

9   Dated: October 30, 2009

10

11

12                                           PILLSBURY WINTHROP SHAW
PITTMAN LLP

13                                           By:   /s/   Bruce A. Ericson
                                                      Bruce A. Ericson

14

15                                           50 Fremont Street
San Francisco, California 94105-2228

16                                           Telephone:   (415) 983-1000
Facsimile:   (415) 983-1200
bruce.ericson@pillsbury.com

17

18                                           FRIED, FRANK, HARRIS, SHRIVER
& JACOBSON LLP

19                                           William G. McGuinness

20                                           Stephanie J. Goldstein
Shahzeb Lari
One New York Plaza

21                                           New York, New York 10004
Telephone:   (212) 859-8000

22                                           Facsimile:   (212) 859-4000
william.mcguinness@friedfrank.com

23                                           stephanie.goldstein@friedfrank.com
shahzeb.lari@friedfrank.com

24

25                                           *Attorneys for Underwriter Defendants*

26

  7487232

27

28

MOTION TO DISMISS
Case No. C-09-1376 (SI)

# TAB 1

## OFFERINGS PURSUANT TO WHICH PLAINTIFFS MADE NO PURCHASES*

| ISSUING TRUST | APPROXIMATE OFFERING DATE | AMOUNT | UNDERWRITER |
|---|---|---|---|
| Wells Fargo Mortgage Backed Securities 2006-AR3 Trust | February 27, 2006 | $598,493,100 | Morgan Stanley & Co. Incorporated |
| Wells Fargo Mortgage Backed Securities 2006-AR7 Trust | April 24, 2006 | $988,349,100 | HSBC Securities (USA), Inc. |
| Wells Fargo Mortgage Backed Securities 2006-5 Trust | April 26, 2006 | $286,087,730 | Barclays Capital, Inc./ Citigroup Global Markets, Inc. |
| Wells Fargo Mortgage Backed Securities 2006-7 Trust | May 26, 2006 | $421,290,254 | RBS Greenwich Capital Markets, Inc./ UBS Securities, LLC |
| Wells Fargo Mortgage Backed Securities 2006-8 Trust | June 29, 2006 | $1,393,279,582 | Countrywide Securities Corporation/ Banc of America Securities, LLC |
| Wells Fargo Mortgage Backed Securities 2006-9 Trust | July 28, 2006 | $1,287,506,224 | HSBC Securities (USA), Inc./ Banc of America Securities, LLC |
| Wells Fargo Mortgage Backed Securities 2006-10 Trust | July 31, 2006 | $821,744,309 | Credit Suisse Securities (USA), LLC |
| Wells Fargo Mortgage Backed Securities 2006-AR13 Trust | August 25, 2006 | $777,713,100 | Morgan Stanley & Co. Incorporated |
| Wells Fargo Mortgage Backed Securities 2006-11 Trust | August 29, 2006 | $995,131,921 | RBS Greenwich Capital Markets, Inc. |
| Wells Fargo Mortgage Backed Securities 2006-AR16 Trust | September 21, 2006 | $496,559,100 | Citigroup Global Markets, Inc. |
| Wells Fargo Mortgage Backed Securities 2006-14 Trust | September 22, 2006 | $597,306,104 | Citigroup Global Markets, Inc./ Lehman Brothers Inc. |
| Wells Fargo Mortgage Backed Securities 2006-13 Trust | September 27, 2006 | $896,001,309 | Countrywide Securities Corporation/ Lehman Brothers Inc. |
| Wells Fargo Mortgage Backed Securities 2006-AR15 Trust | September 27, 2006 | $397,898,100 | Deutsche Bank Securities, Inc. |

* This chart is based on the allegations of the Complaint.

| ISSUING TRUST | APPROXIMATE OFFERING DATE | AMOUNT | UNDERWRITER |
|---|---|---|---|
| Wells Fargo Mortgage Backed Securities 2006-12 Trust | September 29, 2006 | $895,867,893 | Bear Stearns & Co. Inc. |
| Wells Fargo Mortgage Backed Securities 2006-AR18 Trust | October 24, 2006 | $1,195,150,100 | UBS Securities, LLC |
| Wells Fargo Mortgage Backed Securities 2006-17 Trust | October 25, 2006 | $325,008,681 | UBS Securities, LLC |
| Wells Fargo Mortgage Backed Securities 2006-15 Trust | October 26, 2006 | $3,233,940,146 | Citigroup Global Markets, Inc. |
| Wells Fargo Mortgage Backed Securities 2006-16 Trust | October 27, 2006 | $1,500,335,664 | Barclays Capital, Inc./ UBS Securities, LLC |
| Wells Fargo Mortgage Backed Securities 2006-AR19 Trust | November 21, 2006 | $796,542,900 | Deutsche Bank Securities, Inc. |
| Wells Fargo Mortgage Backed Securities 2006-18 Trust | November 27, 2006 | $2,487,782,970 | Citigroup Global Markets, Inc./ UBS Securities, LLC |
| Wells Fargo Mortgage Backed Securities 2006-20 Trust | November 28, 2006 | $199,659,047 | Merrill, Lynch, Pierce, Fenner & Smith, Inc. /Banc of America Securities, LLC |
| Wells Fargo Mortgage Backed Securities 2006-19 Trust | November 28, 2006 | $274,342,646 | Bear, Stearns & Co., Inc./ Banc of America Securities, LLC |
| Wells Fargo Mortgage Backed Securities 2007-1 Trust | January 29, 2007 | $597,986,428 | RBS Greenwich Capital Markets, Inc./ Citigroup Global Markets, Inc. |
| Wells Fargo Alternative Loan 2007-PA1 Trust | February 26, 2007 | $715,199,739 | Merrill, Lynch, Pierce, Fenner & Smith, Inc. |
| Wells Fargo Mortgage Backed Securities 2007-2 Trust | February 28, 2007 | $1,504,581,600 | Bear, Stearns & Co., Inc./ Citigroup Global Markets, Inc./ Lehman Brothers Inc. |
| Wells Fargo Mortgage Backed Securities 2007-AR3 Trust | March 20, 2007 | $485,863,100 | UBS Securities, LLC |
| Wells Fargo Mortgage Backed Securities 2007-4 Trust | March 27, 2007 | $1,791,060,422 | RBS Greenwich Capital Markets, Inc./ Citigroup Global Markets, Inc. |
| Wells Fargo Mortgage Backed Securities 2007-3 Trust | March 28, 2007 | $1,348,185,173 | Lehman Brothers Inc./ Banc of America Securities, LLC/ UBS Securities, LLC |
| Wells Fargo Mortgage Backed Securities 2007-6 Trust | April 27, 2007 | $696,811,198 | Bear, Stearns & Co., Inc. |
| Wells Fargo Mortgage Backed Securities 2007-5 Trust | April 27, 2007 | $459,897,307 | Citigroup Global Markets, Inc./ Banc of America Securities, LLC |
| Wells Fargo Mortgage Backed Securities 2007-7 Trust | May 29, 2007 | $5,074,621,629 | Bear, Stearns & Co., Inc. |
| Wells Fargo Mortgage Backed Securities 2007-9 Trust | June 28, 2007 | $749,586,914 | Countrywide Securities Corporation/ UBS Securities, LLC |
| Wells Fargo Mortgage Backed Securities 2007-8 Trust | June 29, 2007 | $2,736,274,839 | HSBC Securities (USA), Inc. |

2

| ISSUING TRUST | APPROXIMATE OFFERING DATE | AMOUNT | UNDERWRITER |
|---|---|---|---|
| Wells Fargo Mortgage Backed Securities 2007-10 Trust | June 29, 2007 | $1,692,241,638 | UBS Securities, LLC |
| Wells Fargo Mortgage Backed Securities 2007-13 Trust | August 27, 2007 | $482,513,542 | Deutsche Bank Securities, Inc. |
| Wells Fargo Mortgage Backed Securities 2007-12 Trust | August 27, 2007 | $365,570,818 | Barclays Capital, Inc. |
| Wells Fargo Mortgage Backed Securities 2007-AR4 Trust | August 28, 2007 | $416,850,100 | Lehman Brothers Inc. |

3