UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
In re:

LEHMAN BROTHERS SECURITIES
AND ERISA LITIGATION,

09 MD 2017 (LAK)

This document applies to:

*In re Lehman Brothers Mortgage-Backed
Securities Litigation*, No. 08 Civ. 6762.
------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/24/10

## ORDER

LEWIS A. KAPLAN, *District Judge.*

    The Court recently issued a memorandum opinion in this case which, among other things, dismissed for lack of standing claims with respect to three offerings for which named plaintiffs had not presented a signed certification required by the Private Securities Litigation Reform Act. *In re Lehman Brothers Securities and ERISA Litigation*, 09 MD 2017 (LAK), 2010 WL 545992, at *1 n.2 (S.D.N.Y. Feb. 17, 2010).

    It has been brought to the Court's attention that a signed certification listing securities purchased in these three offerings had been filed on March 6, 2009 [08 Civ. 6762, docket item 35]. The signed certification was never mentioned in plaintiffs' briefing notwithstanding the Individual Defendants' argument that the unsigned certification eliminated named plaintiffs' standing with respect to these offerings.

    Considering all the circumstances, however, the memorandum opinion is amended by substituting the attached pages 2, 3, 6-9, and 19 for the corresponding original pages.

    SO ORDERED.

Dated: February 23, 2010

                             /s/ Lewis A. Kaplan
                             Lewis A. Kaplan
                            United States District Judge

damages for alleged violations of the Securities Act of 1933 in the issuance, distribution and sale of over ninety separate offerings of mortgage pass-through certificates (the "Certificates") by affiliates and subsidiaries of Lehman Brothers Holdings, Inc. (collectively, "Lehman") between September 2005 and July 2007. The Certificates are a form of mortgage-backed security ("MBS"). The matter is before the Court on the motion of the Individual Defendants, officers or directors of the company responsible for creating the trusts that issued the Certificates, to dismiss the complaint against them for failure to state a claim upon which relief may be granted.

*Facts*

*The Securities*

The MBS at issue in this litigation were offered pursuant to two shelf registration statements with base prospectuses filed by a Lehman affiliate in August 2005, amended in September 2005, and August 2006. For each offering, Lehman filed also a prospectus supplement to the relevant base prospectus which amended or updated the original shelf registration statement to which it was traceable and provided additional information about the particular pools of mortgages underlying the Certificates offered pursuant to that supplement, including the types of loans and the descriptions of underwriting guidelines for those loans that were provided by the originators. The registration statements, base prospectuses and prospectus supplements are henceforth referred to as the "Offering Documents." The complaint alleges that named plaintiffs have purchased Certificates issued only in nine of the ninety-four offerings alleged in the complaint.[2]

---

[2] The Private Securities Litigation Reform Act requires "[e]ach plaintiff seeking to serve as a representative party" to file a "sworn certification, which shall be personally signed by such plaintiff" with the complaint. 15 U.S.C. § 77z-1(a)(2)(A). The certification must "set[] forth all of the transactions of the plaintiff in the security that is the subject of the

*The Individual Defendants*

The Individual Defendants were officers or directors of the Structured Asset Securities Corporation ("SASCO") during the relevant time period. SASCO, which filed a chapter 11 petition last year, issued the registration statements and acted as depositor in the securitization process.[3] Only defendants Zusy, Tabat, and Sullivan signed the 2005 registration statement.[4] Each Individual Defendant except Tabat signed the 2006 registration statement.[5]

*Allegations against the Individual Defendants*

The complaint alleges that the Individual Defendants signed registration statements that failed to disclose the following allegedly material facts and thus were misleading:

---

complaint." *Id.*

Plaintiffs have attached four of the required certifications to the complaint. Three allege that named plaintiffs purchased Certificates in the following offerings: Structured Adjustable Rate Mortgage Loan Series 2006-1 and Lehman XS Trust, Mortgage Pass-Through Certificates Series 2006-14N, Series 2005-7N, Series 2005-5N, Series 2005-6, and Series 2006-2N. *See* Beauchamp Certification (Feb. 18, 2009) at Schedule A; Laufenberg, Jr. Certification (Dec. 9, 2008) at Schedule A; Auble & Dickson Certification (Dec. 22, 2008) at Schedule A. The fourth is unsigned and undated.

A signed version of the fourth certification, however, was filed with the Court on March 6, 2009. *See* 08 Civ. 6762, docket item 35. It alleges purchases in the following additional offerings: Lehman XS Trust, Mortgage Pass-Through Certificates, Series 2006-GP2, GreenPoint Mortgage Funding Trust Pass-Through Certificates, Series 2006-AR4, and Series 2006-AR5.

[3] A depositor acquires mortgage assets and transfers them to the trusts, which, in turn, issue the certificates.

[4] Cpt. ¶¶ 37-43.

[5] *Id.*

the suit.[13]

To state a claim under Section 11 of the Securities Act of 1933, the plaintiff must allege that (1) it purchased a registered security, (2) the defendant adequately participated in the offering in a manner giving rise to liability under Section 11, and (3) the registration statement "contained an untrue statement of a material fact or omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading."[14] Section 15 creates liability for individuals or entities that "control[led] any person liable" under Section 11.[15]

B.  *Standing*

The complaint alleges that plaintiffs purchased Certificates in nine of the ninety-four separate offerings. The Individual Defendants move to dismiss for lack of standing plaintiffs' claims with respect to the eighty-five offerings in which they did not purchase.

Article III of the Constitution requires a plaintiff to have standing before the plaintiff may maintain a lawsuit. The standing inquiry has three elements: a "plaintiff must allege [1] personal injury [2] fairly traceable to the defendant's allegedly unlawful conduct and [3] likely to

---

[13] *ATSI Commc'ns, Inc.*, 493 F.3d at 98; *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (citing *Cosmas v. Hassett*, 886 F.2d 8, 13 (2d Cir. 1989); *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991)).

[14] *In re Morgan Stanley Info. Fund Sec. Litig.*, slip op., No. 09-0837-cv, at *769 (2d Cir. Jan 25, 2010) (quoting 15 U.S.C. § 77k(a)).

[15] *Id.* (quoting 15 U.S.C. § 77o).

be redressed by the requested relief."[16]

One or more plaintiffs has alleged standing adequately with respect to the nine offerings in which one or more bought Certificates. As no named plaintiff has alleged that he or she purchased Certificates in any of the other eighty-five offerings, none can have been injured with respect to those offerings.[17] None, therefore, has standing to bring claims with respect to these offerings.

Plaintiffs nonetheless argue that determining whether they properly may bring claims in respect of the eighty-five offerings in which they did not purchase would be "premature at this point and more appropriately addressed at the class certification stage of the litigation."[18] They contend that the misstatements and omissions in the Offering Documents for the Certificates that they purchased are common to those in the Offering Documents for the Certificates that they did not buy. Plaintiffs suggest, therefore, that they are entitled to sue on behalf of a class of all who purchased Certificates offered under documents containing the same disclosure defects that allegedly affected their purchases or, at least, that this question goes only to their ability to serve as a class representative and not to standing. I disagree.

Standing is a threshold constitutional requirement that mandates an allegation of

---

[16] *Allen v. Wright*, 4658 U.S. 737, 751 (1984); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

[17] Plaintiffs here are seeking damages based on the misstatements and omissions in the Offering Documents. They do not purport to seek a determination on the issue of whether the statements that were in the common registration statements violated the Securities Act at the time they were filed.

[18] Pl. Br. at 11. *See also In re Dreyfus Aggressive Grown Mutual Fund Litigation*, No. 98 Civ. 4318(HB), 2000 WL 1357509 (S.D.N.Y. Sept. 20, 2000).

injury traceable to the conduct of which plaintiffs complain. It can not be dispensed with by styling the complaint as a class action.[19] In a class action, as in any other lawsuit, the named plaintiffs must "show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class . . . they purport to represent."[20]

Plaintiffs have not alleged that they have suffered any injury stemming from the offerings in which they did not purchase and thus have no standing. Judge Crotty's decision in *In re Salomon Smith Barney Mutual Fund Fees Litigation*,[21] is instructive on this point. In that case, the named plaintiffs, who owned shares in twenty of eighty-eight mutual funds offered by Salomon Smith Barney ("SSB"), sued for violations of the Securities Act, the Securities Exchange Act of 1934, and the Investment Company Act of 1940 on behalf of owners of shares in all the funds.[22] They alleged that the materials provided to fund investors, including the fund prospectuses, were

---

[19]

> *Lewis v. Casey*, 518 U.S. 343, 357 (1996) ("That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'"); *see, e.g., Hoffman v. UGBS-AG*, 591 F. Supp.2d 522, 530-32 (S.D.N.Y. 2006); *In re Salomon Smith Barney Mut. Fund Fees Litig.*, 441 F. Supp.2d at 607 ("[T]he Article III standing determination should precede that of class certification. With regard to the sixty-eight funds of which Plaintiffs own no shares, Plaintiffs do not have standing to assert any claims . . . .").

> To the extent Rule 23 otherwise might purport to allow plaintiffs to bring a claim for which they do not have standing it would violate the Rules Enabling Act. 28 U.S.C. § 2072(b) (Federal Rules of Civil Procedure may not "abridge, enlarge or modify any substantive right.").

[20]

> *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 106 n.5 (2d Cir. 2008) (internal quotation marks omitted).

[21]

> 441 F. Supp. 2d 579 (S.D.N.Y. 2006).

[22]

> *Id.* at 582.

materially misleading in that they failed to disclose a common scheme that allegedly violated the securities laws.[23] Judge Crotty dismissed for lack of standing the claims arising out of the sixty-eight funds in which no named plaintiff had an interest because they had not alleged any personal injury.[24] In doing so, he rejected cases that had determined the issues surrounding class certification before determining standing and held that "the Article III standing determination should precede that of class certification."[25]

So too here. Named plaintiffs have purchased in nine of the ninety-four offerings. They have not alleged any personal injury stemming from the other eighty-five. They therefore have no standing to assert those claims.

Plaintiffs' argue also that they have standing to bring claims based on the eighty-five offerings because they were conducted pursuant to the same shelf registration statements that governed the nine offerings in which plaintiffs did purchase. The fact remains, however, that plaintiffs have not alleged any injury traceable to the Certificates issued in those offerings.[26] In consequence, all claims arising from the eighty-five offerings in which none of the plaintiffs purchased any securities are dismissed.

---

[23] *Id.* at 583-84.

[24] *Id.* at 604, 606.

[25] *Id.* at 607.

[26] *See* Tr., Jan. 28, 2010, at 40-41, *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, No. 08 Civ. 10783 (MGC) (S.D.N.Y. Jan. 28, 2010) (granting motion to dismiss claims arising out of MBS certificates named plaintiffs did not purchase for lack of standing); *Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp.*, No. 08 Civ. 10446 (RGS), 2009 WL 3149775 (D. Mass. Sept. 30, 2009) (dismissing section 11 claims for lack of standing where MBS certificates were issued pursuant to common registration statements but different prospectus supplements).

19

## SCHEDULE A

1. Structured Adjustable Rate Mortgage Loan Series 2006-1
2. Lehman XS Trust, Mortgage Pass-Through Certificates Series 2005-5N
3. Lehman XS Trust, Mortgage Pass-Through Certificates Series 2005-6
4. Lehman XS Trust, Mortgage Pass-Through Certificates Series 2005-7N
5. Lehman XS Trust, Mortgage Pass-Through Certificates Series 2006-2N
6. Lehman XS Trust, Mortgage Pass-Through Certificates Series 2006-14N
7. Lehman XS Trust Mortgage Pass-Through Certificates, Series 2006-GP2
8. GreenPoint Mortgage Funding Trust Pass-Through Certificates, Series 2006-AR4
9. GreenPoint Mortgage Funding Trust Pass-Through Certificates, Series 2006-AR5