1 | MARC T.G. DWORSKY (SBN 157413)
Marc.Dworsky@mto.com
2 | KATHLEEN M. MCDOWELL (SBN 115976)
Kathleen.McDowell@mto.com
3 | MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 25th floor
4 | Los Angeles, CA  90071-1560
Telephone:     (213) 683-9100
5 | Facsimile:     (213) 687-3702

6 | DAVID H. FRY (SBN 189276)
David.Fry@mto.com
7 | JENNY H. HONG (SBN 251751)
Jenny.Hong@mto.com
8 | MUNGER, TOLLES & OLSON LLP
560 Mission Street,  27th floor
9 | San Francisco, CA 94105-2907
Telephone:     (415) 512-4000
10 | Facsimile:     (415) 512-4077

11 | Attorneys for Defendants
WELLS FARGO DEFENDANTS
12 |
[Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE WELLS FARGO MORTGAGE-BACKED CERTIFICATES LITIGATION | Civil Action No. 09-01376 (SI) <br><br> **CONSOLIDATED CLASS ACTION ECF** <br><br> **REQUEST FOR LEAVE TO FILE MOTION FOR RECONSIDERATION PURSUANT TO CIVIL LOCAL RULE 7-9, OR FOR AN ORDER CLARIFYING ORDER DATED APRIL 22, 2010** <br><br> DATE:   N/A <br> TIME:   N/A <br> CTRM:  10 |

1    Pursuant to Civil Local Rule 7-9, Defendants Wells Fargo Asset Securities
2 Corporation and Wells Fargo Bank, N.A., David Moskowitz, Franklin Codel, Thomas Neary, and
3 Douglas K. Johnson (collectively, the "Wells Fargo Defendants") hereby seek leave to file a
4 motion for reconsideration or, alternatively, request that the Court issue an order clarifying that
5 certain aspects of the Court's April 22, 2010 Order concerning the parties' burdens with respect
6 to the statute of limitations do not constitute law of the case.

7    Civil Local Rule 7-9(a) requires that any party may, prior to entry of judgment,
8 make a motion for leave to file a motion for reconsideration based on one of the grounds set forth
9 in Civil Local Rule 7-9(b). A party may not file a motion for reconsideration without first
10 seeking leave. Civ. L.R. 7-9(a).

11    Civil Local Rule 7-9(b), in turn, provides three grounds for a motion for
12 reconsideration. The third such ground is "[a] manifest failure by the Court to consider material
13 facts or dispositive legal arguments which were presented to the Court" before the entry of the
14 order that is the subject of the motion. Civ. L.R. 7-9(b)(3).

15    In this instance, the Wells Fargo Defendants respectfully submit that the Court has
16 not considered a dispositive legal argument presented prior to the entry of the order granting in
17 part and denying in part the Wells Fargo Defendants' motion to dismiss. Specifically, the Court
18 has applied the incorrect standard in ruling on the Wells Fargo Defendants' statute of limitations
19 argument and has not discussed or distinguished the binding Ninth Circuit precedent cited by the
20 Wells Fargo Defendants in their Reply Memorandum (Dkt. No. 181) concerning that standard.

21    The Court's order states that "Ninth Circuit precedent states that because 'the
22 question of notice of fraud is for the trier of fact, the party seeking summary disposition has an
23 extremely difficult burden to show that there exists no issue of material fact regarding notice."
24 *Slip op.* at 9-10 (citing *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1309-10 (9th Cir. 1982)). The
25 Court further states that, "[a]pplying this rule at the pleading stage, another court in this district
26 has held that a securities fraud complaint should be dismissed on statute of limitations grounds
27 only if notice to the plaintiff is the 'inference most naturally derived' from the allegations of the
28

complaint." *Id.* at 10 (citing *In re Charles Schwab Corp. Sec. Litig.*, 257 F.R.D. 534, 557 (N.D. Cal. 2009)).

As the Wells Fargo Defendants noted in their Reply Memorandum (Dkt. No. 181 at 10, lines 11-14), the Ninth Circuit has taken a different approach to claims under the Securities Act of 1933 ("1933 Act") (such as those presented here) than it has in Section 10(b) cases (such as those cited by the Court). In the context of 1933 Act claims, the Ninth Circuit has said that "the plaintiff must affirmatively plead sufficient facts in his complaint to demonstrate conformity with the statute of limitations." *Toombs v. Leone*, 777 F.2d 465, 468 (9th Cir. 1985); *In re Infonet Serv. Corp. Sec. Litig.*, 310 F. Supp. 2d 1106, 1115 (C.D. Cal. 2003).[1]

Defendants do not wish to impose unduly on the Court by multiplying motion practice in this case, but the question of which side bears the burden with respect to the statute of limitations will likely recur at other stages of the litigation. Because this issue may affect future proceedings in the case, the Wells Fargo Defendants request that the Court either permit the Wells Fargo Defendants to file a motion for reconsideration pursuant to Civil Local Rule 7-9 or, alternatively, issue an order stating that the Court's comments in its Order dated April 22, 2010 regarding the standard for evaluating a statute of limitations argument do not constitute law of the

---

[1] *See also Davidson v. Wilson*, 973 F.2d 1391, 1402 (8th Cir. 1992) (stating that compliance with Section 13's limitations requirements "is an essential element of the right created under section 12(2)"); *Auslender v. Energy Man. Corp.*, 832 F.2d 354, 356 (6th Cir. 1987) ("[T]he burden is on [plaintiff] to plead circumstances which would indicate why the alleged fraud was not discovered earlier and which would indicate why the statute should be tolled."); *Bull v. Chandler*, 1987 WL 15461 at *2 (N.D. Cal. April 9, 1987) (following *Toombs*); *Kroungold v. Triester*, 407 F. Supp. 414, 419 (E.D. Pa. 1975) (cited by *Toombs*) (noting plaintiffs' "obligation of affirmatively pleading sufficient facts in the complaint to demonstrate conformity with Section 13, which has been held to be an essential ingredient of any private cause of action based upon Section 12(2) of the Securities Act.").

case and that Defendants are permitted to renew arguments concerning the Plaintiffs' burden to plead and prove compliance with the statute of limitations at a later point in the litigation.

DATED: April 29, 2010

MUNGER, TOLLES & OLSON LLP
  MARC T.G. DWORSKY
  KATHLEEN M. MCDOWELL
  DAVID H. FRY
  JENNY H. HONG


By: _____*/s/ David H. Fry*_____
        DAVID H. FRY

Attorneys for Defendants
WELLS FARGO DEFENDANTS

DATED: April 29, 2010

WELLS FARGO & CO.
Office of General Counsel
MAC A0194-266
45 Fremont Street, 26th floor
San Francisco, CA  94105
Telephone:    (415) 396-4425
Facsimile:       (415) 975-7864
tojacob@wellsfargo.com


By: _____*/s/ Thomas O. Jacob*_____
        THOMAS O. JACOB

Attorney for Defendants
WELLS FARGO ASSET SECURITIES
CORPORATION AND WELLS FARGO BANK, N.A.